## Kushin v. Independence Indemnity Company, Appellant.

Argued April 21, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Herbert A. Borton,* with him *Swartz & Campbell,* for appellant.

*Harry J. Gerber,* for appellee, was not heard.

PER CURIAM, May 26, 1933:

Defendant appeals from judgment entered for want of a sufficient affidavit of defense in an action by plaintiff to recover $5,000 deposited by her as part of the collateral required by defendant company, for execution of a surety bond on a three-year lease, from the City of Philadelphia to Benjamin Mayrovitz and Harry Levin, for an open air automobile parking space at 22d and Market Streets, Philadelphia. The lease was purchased at public sale, and the terms of sale included a condition for filing a corporate surety bond satisfactory to the city solicitor, guaranteeing compliance with the terms of the agreement.

A bond was prepared with defendant as surety for lessees and delivered to the city solicitor, who refused to accept it and notified lessees that it was unsatisfactory. Lessees thereupon withdrew their application for a bond from defendant company, and plaintiff demanded return of her collateral, consisting of corporate stock and $5,000 in cash, deposited by her with defendant to secure it from

loss under the surety bond of lessees. The corporate stock eventually was returned to plaintiff and the cash retained by defendant.

The affidavit of defense contends that the "Receipt for Collateral," agreed to by plaintiff, sets forth the agreement between the parties to be not only to protect defendant against loss sustained by reason of default of lessees, "but also to protect defendant against any and all damages, loss, costs, charges and expenses of whatever kind or nature which it shall or may at any time sustain or incur by reason of having executed the bond referred to in the plaintiff's statement of claim." The court below, however, held that the bond, not having been accepted, was ineffective and could not be regarded as an executed instrument; consequently, defendant could suffer no loss by reason of any obligation thereunder, and plaintiff was entitled to the return of her collateral immediately after disapproval of the bond by the city solicitor and demand for its return by defendant. With this conclusion we are in agreement. There was no executed bond under the circumstances here present, since the proviso that it must be satisfactory to the city solicitor was a condition precedent.

The judgment is affirmed.